UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

In re:                                                                                    Case Number: 16-12556-13

SONDRA KAY LISSE,

        Debtor.

---

# DECISION

## I. Statement of Procedural History

The Debtor, Sondra K. Lisse ("Lisse" or "Debtor"), filed a voluntary Chapter 13 petition on July 23, 2016. On December 30, 2016, Lisse moved under Fed. R. Bankr. P. 9011 and 28 U.S.C. § 1927 to impose sanctions against Attorney Kenneth W. Bach ("Bach") for "unreasonably and vexatiously multiplying these proceedings by the conduct" of Select Portfolio Servicing, Inc. ("SPS") ("Sanctions Motion"). The Court held a telephonic hearing on a variety of motions, including the Sanctions Motion, and took the Sanctions Motion under advisement.

## II. Statement of Facts

The Debtor requests sanctions against Bach under Fed. R. Bankr. P. 9011(b)(2) and 9011(c)(1)(A) arguing that he knows "ACE Securities Corp. Home Equity Loan Trust, Series 2006-NC3, Asset Backed Pass-Through Certificates 'does not exist.'" She further argues Bach has deliberately misidentified the capacity of HSBC in an effort to "conceal the authority under which Bach and the law firm of Johnson Blumberg are purporting to engage in litigation activities against Ms. Lisse . . . ." In essence, the Debtor contends

Bach's naming HSBC and the failure to designate SPS as the party seeking relief in these proceedings warrants sanctions. The pleadings identified by Lisse as violating Rule 9011 are:

(1) Objection to Confirmation [Doc. 42];

(2) Motion to Dismiss Debtor's Chapter 13 Petition [Doc. 56];

(3) Motion for Relief from Stay [Doc. 57].

The Court has already entered an Order granting HSBC relief from the automatic stay. The Debtor also requests sanctions under 28 U.S.C. § 1927. HSBC Bank USA was granted summary judgment of foreclosure against Lisse and her husband. *HSBC Bank USA ex rel. Ace Secs. Corp. v. Lisse*, 2016 WI App 26, ¶ 3, 367 Wis. 2d 749, 877 N.W.2d 650 (2016). SPS was a sub-servicer for Bank of America, N.A. ("BANA"), which was HSBC's servicing agent for the Lisses' loan. *Id.*

## III. Discussion

### A. Jurisdiction

This Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334. In accordance with section 157(a), the District Court for the Western District of Wisconsin has referred all of its bankruptcy cases to the Bankruptcy Court for the Western District of Wisconsin. W.D. Wis. Admin. Order 161 (July 12, 1984). A motion for sanctions under Bankruptcy Rule 9011 is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). *Baermann v. Ryan (In re Ryan)*, 411 B.R. 609, 613 (Bankr. N.D. Ill. 2009).

**B. Rule 9011**

Rule 9011 is modeled after Fed. R. Civ. P. 11, and is "essentially identical" to Rule 11. *In re Park Place Assoc.*, 118 B.R. 613, 616 (Bankr. N.D. Ill. 1990). At its core, Rule 11 imposes sanctions to deter abusive litigation practices. *In re Ryan*, 411 B.R. at 613 (*citing Corley v. Rosewood Care Ctr., Inc. of Peoria*, 388 F.3d 990, 1013 (7th Cir. 2004)). "'Rule 11 sanctions are only to be granted sparingly, and should not be imposed lightly.'" *Id.* at 613-14 (*quoting Lefkovitz v. Wagner*, 219 F.R.D. 592, 592-93 (N.D. Ill. 2004), *aff'd,* 395 F.3d 773 (7th Cir. 2005)).

Rule 9011 provides as follows:

> **(b) Representations to the Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances—
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

> **(c) Sanctions.** If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

Fed. R. Bankr. P. 9011(b) and (c).

First, the Court must address the "separate and apart" issue of the Debtor's Sanctions Motion as it relates to Rule 9011(c)(1)(A)'s safe harbor provision. *In re Ryan*, 411 B.R. at 616. When a party moves for sanctions under Rule 9011, two criteria must be met: "(1) the motion must be made separate and apart from other motions or requests and '[must] describe the specific conduct alleged to violate' representations to the court, and (2) 'the motion may not be presented to the court unless, within twenty-one days of service, the non-movant has not withdrawn or corrected the challenged behavior.'" *See In re Ryan,* 411 B.R. at 616. "A court abuses its discretion if it permits a motion for sanction to be made in conjunction with another motion." *Id.* at 616 (citing *Corley v. Rosewood Care Ctr., Inc.,* 142 F.3d 1041, 1058 (7th Cir. 1998)).

With respect to Rule 9011(c)(1)(A)'s first prong, the caption of Debtor's motion reads, "Notice of Motion and Motion to Sanctions Pursuant to 28 U.S.C. § 1927 and Fed. R. Bankr. P. 9011 (Rule 9011)." While at first blush it would appear as if the Sanctions Motion violates the separateness requirement, the Sixth Circuit explained in *Ridder v. City of Springfield*, 109 F.3d 288, 294 n.7 (6th Cir. 1997), "The [separateness] requirement does not foreclose combining a Rule 11 request with other provisions regulating attorney behavior, such as . . .

4

§ 1927." *Id.* Thus, the inclusion of a request for costs from Bach under 28 U.S.C. § 1927 does not violate the separateness requirement.

Turning to the second prong, Rule 9011(c)(1)(A) creates a 21-day grace period "between the time of service and the time for filing . . ." to permit the non-moving party an opportunity to correct or withdraw the offending document. 10 *Collier on Bankruptcy* ¶ 9011.05[1][b] (16th ed.); *see also In re Ryan*, 411 B.R. 609, 616 (Bankr. N.D. Ill. 2009). "A court that imposes sanctions by motion without adhering to the twenty-one day 'safe harbor' provision abuses its discretion." *In re Ryan*, 411 B.R. at 616.

The Debtor moved for sanctions on December 30, 2016. According to Debtor's counsel's "Unsworn Declaration of Service Under Penalty of Perjury," she served Bach with the Motion for Sanctions on December 6, 2016. HSBC did not attempt to withdraw or correct the challenged pleadings. Thus, both threshold prongs of Rule 9011(c)(1)(A) are met.

The subdivisions of Rule 9011(b) are divided into two general categories: the "frivolousness clauses" and the "improper purpose" clauses. *In re Ryan*, 411 B.R. at 615. Rule 9011(b)(1) falls within the ambit of the improper purpose clause, and is directed at preventing abusive litigation practices in relation to papers filed to cause unnecessary delay to increase litigation costs, or filed to harass. *Id.*

In reviewing HSBC's pleadings, Rule 9011 sanctions are not warranted. With respect to HSBC's Plan objection, creditors routinely object to a debtor's plan in bankruptcy where, as here, it impermissibly modifies a mortgage

5

creditor's rights. *See, e.g., In re Wilson*, 321 B.R. 222 (Bankr. N.D. Ill. 2005). HSBC argues that the Debtor's Plan runs afoul of 11 U.S.C. § 1322(b)(2)'s anti-modification provisions. Specifically, HSBC contends the Debtor's proposed Plan impermissibly alters its rights under the Note and Mortgage by not addressing HSBC's arrearage claim of approximately $100,288.52. Whether the provisions of the Debtor's Plan violate section 1322(b)(2) is a matter to be determined at a hearing on confirmation. However, HSBC holds a judgment of foreclosure with respect to the Note and Mortgage that are the subject of that judgment and thus has standing to raise the issue of objection to confirmation.

As the Court described in its Decision on the Debtor's Motion to Compel, HSBC has demonstrated a colorable claim to its right to payment under the Mortgage in *HSBC Bank USA, Nat'l Ass'n for the Benefit of ACE Securities Corp. Home Equity Loan Trust, Series 2006 NC3, Asset Backed Pass-Through Certificates v. Steven R. Lisse, et. al.*, Case No. 10-CV-2642, *aff'd*, *HSBC Bank USA ex rel. Ace Secs. Corp. v. Lisse*, 2016 WI App 26, ¶ 8, 367 Wis. 2d 749, 877 N.W.2d 650 (Unpublished). As the judgment holder, HSBC also had standing to file a Motion for Relief from Stay. These pleadings do not represent "a persistent pattern of clearly abusive litigation." *See Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1476 (9th Cir. 1988). To the contrary, these filings appear to be nothing more than a creditor attempting to protect its security interest in collateral. Further, as noted in prior decisions of the Court, whether SPS or BANA were owners of the Note and Mortgage or should have been parties in the state foreclosure action were raised in that proceeding, and

the Debtor may elect to pursue her continued arguments in that regard in state court. Thus, sanctions are not warranted under Rule 9011(b)(1).

Turning to the "frivolousness clauses," Rules 9011(b)(2)-(4), the relevant analysis has two prongs: (1) whether the attorney made a reasonable inquiry into the facts, and (2) whether the attorney made a reasonable investigation of the law. *In re Ryan*, 411 B.R. at 615.

In *HSBC Bank USA ex rel. Ace Secs. Corp. v. Lisse*, the Wisconsin Court of Appeals found the state court "correctly concluded that the undisputed facts established HSBC had physical possession of the original note." 2016 WI App at ¶ 8. Under Wis. Stat. §§ 401.201(2)(km) and 403.301, the holder of an instrument is entitled to enforce the terms and provisions of such instrument. *See PNC Bank, N.A. v. Bierbrauer*, 2013 WI App 11, ¶ 10, 346 Wis. 2d 1, 827 N.W.2d 124 (2012); *see also Bank of New York Mellon v. Carson*, 2015 WI 15, ¶ 51, 361 Wis. 2d 23, 859 N.W.2d 422 (2015) (Prosser, J. concurring) ("In simple terms, a 'mortgage conveys an interest in the real estate to the lender as security for the debt, while the mortgage note is a promise to repay the debt.'") (citation omitted).

Under Wisconsin law, HSBC has demonstrated its right to payment under the Debtor's Mortgage and Note pursuant to a state court judgment. As a result, its pleadings in the Debtor's bankruptcy merely represent an effort to enforce its rights thereunder. Accordingly, sanctions under Rule 9011's frivolousness clauses (Rules 9011(b)(2)-(4)) are not warranted for HSBC's objection to the Debtor's Plan or the Motion for Relief from Stay.

Turning to HSBC's Motion to Dismiss, Debtor Sondra Lisse filed this Chapter 13 case only five days after Judge Martin dismissed her husband Steven Lisse's Chapter 13 case concluding *sua sponte* that Steven Lisse filed his plan in bad faith. In comparing the Debtor's Chapter 13 Plan with her husband's, both contain a similar mortgage payment structure whereby monthly mortgage payments are to be deposited into Attorney Nora's trust account "pending further order of the Court in an adversary proceeding." Case No. 16-10935, ECF No. 44, p. 3. Judge Martin concluded Steven Lisse's plan ran afoul of *In re Schaitz*, 913 F.2d 452, 453 (7th Cir. 1990), because the purpose of his plan was to "thwart paying the creditor." Doc. 56, Ex. J., pp 50-53. In addition, Judge Martin concluded Mr. Lisse's plan contained flaws because "the mortgage debt will be treated by being made subject to an adversary proceeding . . . ." Doc. 56, Ex. J., at 51. Similarly, the Debtor's Plan reads:

> Trustee shall not pay allowed claims for arrearages, but Debtor shall pay regular postpetition breached loan modification payments to the IOLTA Trust Account of Debtor's Attorney commencing on or before October 23, 2016 to be held in the IOLTA Trust Account of Debtor's Attorney during the pendency adversary proceeding to be commenced, in part, for the determination of the identity of the real party in interest entitled to the payment . . . .

HSBC argues that under *In re Shaitz* the Debtor's petition was not filed in good faith. The Debtor's Plan contains nearly identical language as her husband's plan, and HSBC has simply proposed a legal theory in its Motion to Dismiss grounded on the same theory and facts. *See In re Ryan*, 411 B.R. at 615. Thus, HSBC has proposed at least a prima facie

8

case as to why this case should be dismissed. As a result, this Court should not sanction Bach under Rule 9011.

Section 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Imposing sanctions under section 1927 requires the Court to find Bach has "(1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct." *In re Jazz Photo Corp.*, 312 B.R. 524, 540-41 (Bankr. D.N.J. 2004).

For the reasons explained above, there is no basis to assess statutory sanctions in this case. HSBC's pleadings have support in fact and law. Pursuing motions, claims, and objections based on rights under a state court judgment do not demonstrate any of the indicia of conduct covered by section 1927.

**IV.** **Conclusion**

For the reasons set forth above, sanctions under either Rule 9011 or section 1927 are not warranted.

9

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order consistent with this decision will be entered.

Dated: March 29, 2017

BY THE COURT:

_____
Catherine J. Furay
U.S. Bankruptcy Judge